**UNITED STATES of America,
Appellee,**

v.

**Jorge MAGANA–SUAREZ, Appellant.**

**No. 05–1562.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 20, 2006.

Decided March 20, 2006.

John Beamer, U.S. Attorney's Office, Des Moines, IA, for Plaintiff–Appellee.

Jorge Magana–Suarez, Des Moines, IA, pro se.

John P. Messina, Federal Public Defender's Office Southern District of Iowa, Des Moines, IA, for Defendant–Appellant.

Before MELLOY, FAGG, and BENTON, Circuit Judges.

PER CURIAM.

Jorge Magana–Suarez (Magana) appeals the 30–month sentence the district court[1] imposed upon his guilty plea to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). Magana's counsel has moved to withdraw and filed a brief under *Anders v. California,* 386 U.S. 738, 87

---

1. The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

S.Ct. 1396, 18 L.Ed.2d 493 (1967), questioning the reasonableness of the sentence (which was at the top of the advisory Sentencing Guidelines range) in light of Magana's cultural assimilation.

We conclude the sentence is not unreasonable. *See United States v. Haack,* 403 F.3d 997, 1004 (8th Cir.) (standard of review), *cert. denied,* — U.S. —, 126 S.Ct. 276, 163 L.Ed.2d 246 (2005). The district court calculated the Guidelines imprisonment range and took that range into account, along with other 18 U.S.C. § 3553(a) factors and Magana's cultural-assimilation argument, in determining the sentence. *See United States v. Booker,* 543 U.S. 220, 260–62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (§ 3553(a) factors will guide reasonableness review).

Having reviewed the record under *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.